Keith J. Miller
ROBINSON, WETTRE & MILLER LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
973-690-5400
kmiller@rwmlegal.com

*Attorneys for Plaintiffs*
*Richard Vezza and Kevin Whitmer*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD VEZZA and KEVIN WHITMER,<br><br>        Plaintiffs,<br><br>vs.<br><br>ALFRED DEMOLA and DOMAINS BY PROXY LLC,<br><br>        Defendants. | 13-CV-_____<br><br>**VERIFIED COMPLAINT** |

Plaintiffs Richard Vezza and Kevin Whitmer, through their attorneys,

Robinson, Wettre & Miller LLC, for their Verified Complaint allege as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.      Newark Morning Ledger Co. ("NMLC"), publisher of The Star-Ledger,

has a principal place of business at One Star Ledger Plaza, Newark, Essex County,

New Jersey.  NMLC publishes the largest daily and Sunday newspaper within the State of New Jersey known as The Star-Ledger (the "Ledger").

2.    Plaintiff Richard Vezza is the Publisher of the Ledger and resides in Union County, New Jersey.

3.    Plaintiff Kevin Whitmer is the Editor of the Ledger and resides in Union County, New Jersey.

4.    Upon information and belief, Defendant Alfred Demola ("Demola") resides at 16 Brainerd Dr., Cranbury, Middlesex County, New Jersey.

5.    Upon information and belief, Defendant Domains by Proxy, LLC is a resident of the state of Arizona, with an address of 14747 N. Northsight Blvd., Ste. 111 PMB 309, Maricopa County, Scottsdale, AZ.  Defendant Domains by Proxy, LLC has been named as a nominal defendant for purposes of discovery.

6.    This Court has jurisdiction over the subject matter of this action pursuant to the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 8131, and the Cyberpiracy Prevention Section of the Lanham Act, 15 U.S.C. § 1125(d), as this is an action seeking award of domain names and damages against a cybersquatter who has misappropriated the domain names found at "richardvezza.com" and "kevinwhitmer.com." ("Domain Names").

7.    Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this action occurred in

this district in Essex County, New Jersey, because the injured parties reside in this district in Union County, New Jersey, and because the exercise of jurisdiction by this Court over Defendants is proper.

## FACTUAL BACKGROUND

8.   NMLC publishes the largest newspaper in New Jersey.

9.   Plaintiffs Richard Vezza and Kevin Whitmer are well known in the newspaper industry as executives of NMLC in their positions as Publisher and Editor of the Ledger, respectively.

10.   Richard Vezza is a senior media executive with over 39 years of professional experience.  Mr. Vezza began his journalism career in 1974 as a night police reporter for The Hudson Dispatch in Hudson County. Over the years, Mr. Vezza has worked as an editor and publisher at a number of New Jersey daily newspapers, including the Herald & News of Passaic County and The Daily Journal in Union County.   In 1996, Mr. Vezza was named president and publisher of Gremac, a wholly-owned subsidiary of The Record of Bergen County.  As such, he was responsible for the company's weekly newspapers in Bergen, Passaic and Essex counties and the daily Herald & News in Passaic County.  Before joining Gremac, Mr. Vezza worked a total of 15 years for Media News Group in various executive capacities.     In 2000, he joined The Star-Ledger's sister company, Penn Jersey Advance, as its president.  Penn Jersey Advance publishes The South Jersey Times

in southern New Jersey, The Express-Times in Easton, Pa., and weeklies in Union, Somerset, Warren and Hunterdon counties in New Jersey, including The Hunterdon Democrat, the state's largest paid weekly. In 2009, Mr. Vezza was named the fifth publisher in the Ledger's history. He has been selected to the New Jersey Advertising Hall of Fame and is a past president of the New Jersey Press Association and its current Treasurer.

11.     Kevin Whitmer is a senior media executive with over 27 years of professional experience. As the Ledger's chief editor and content strategist since 2009, he is responsible for all print and digital media produced by The Star-Ledger, New Jersey's largest and most-respected news gathering organization. In Whitmer's time as the organization's top editor, the Ledger has been recognized with several major journalism awards, including a Pulitzer Prize, a Polk Award, an American Society of News Editor award, 10 New York Emmys, and multiple New Jersey Press Association General Excellence Awards.

12.     Between December 2010 and October 2013, the Ledger published seven articles in the Business section of the Ledger as part of a weekly column entitled "Bamboozled." ("the Articles") concerning reports of Defendant Demola's allegedly unscrupulous business practices in his waterproofing businesses. (See Articles, attached hereto as Exh. A).

13.    The Articles, which were written by a freelance columnist, Karin Price Mueller, describe several customer complaints that were forwarded to the Ledger regarding Demola's waterproofing businesses.

14.    The Articles detail Ms. Mueller's investigation into the allegations of Demola's egregious business practices, including his companies' alleged poor workmanship and the alleged failure to return customer deposits.

15.    Following the publication of the Articles, Demola contacted the Ledger and demanded that it stop publishing articles about him or that he would publicize personal information of the Ledger's staff, including their home addresses and telephone numbers.

16.    On September 10, 2013, Demola contacted Ms. Mueller by phone after Ms. Mueller left him voicemail messages to offer Demola a chance to comment on a story that she was preparing concerning his business practices.  He demanded that she stop writing about him.

17.    During his conversation with Ms. Mueller, Demola stated that she should "talk to the owner of the newspaper and the editor" and to "ask if they want to buy their domain names from me."

18.    Demola further stated to Ms. Mueller, "somebody...has his domain name.  Ask if they want to buy the domain name," in reference to his ownership of plaintiffs' Domain Names.

19.   On September 10, 2013, Demola left Plaintiff Whitmer a voice mail threatening to publicize the personal information of the Ledger's staff and stating that he has ".com names" of Star Ledger employees that he may give back.  (See Transcript of Voice Mail attached hereto as Exh. B).

20.   On September 10, 2013, Demola also contacted Plaintiff Whitmer's wife by phone at the Whitmers' home, at approximately 5:00 p.m.  Demola stated that "he's tired of the Ledger writing about him" and admitted that he had already left plaintiff Whitmer a message on his work voicemail.

21.   Later that evening, Demola called Plaintiff Whitmer by phone at his home at 8:20 p.m.  Demola demanded that "Mueller cease writing about him."  He also admitted to Plaintiff Whitmer that he had contacted Ms. Mueller earlier that day and had asked if the owner and editor the Ledger would want to buy their Domain Names.  He also told Whitmer he understood why his earlier offer via the voice mail to exchange or give back the Domain Names if the Ledger promised to stop writing about him would be considered a threat.

22.   In addition, Demola admitted to Plaintiff Whitmer that his prior voicemail to Whitmer was threatening and alleged that there were "factual mistakes" with the Articles.  Demola declined to provide any specifics regarding the alleged mistakes when asked by Whitmer to provide a list of them.

23.     Following his conversation with Demola, Plaintiff Whitmer checked his domain name, "kevinwhitmer.com," and was redirected to "allfreeblowjobs.com," which contained graphic representations of hardcore pornography.

24.     Plaintiff Whitmer also checked "richardvezza.com" and was also redirected to "allfreeblowjobs.com."

25.     On September 13, 2013, Eric E. Gisolfi, Esq., an attorney for The Star-Ledger, sent an email to Demola regarding his threats to the Ledger.  Mr. Gisolfi demanded that Demola stop communicating with the Ledger employees at their places of residence and in any way that may be perceived as a threat.

26.     Mr. Gisolfi further demanded that Demola transfer control of kevinwhitmer.com and richardvezza.com, and any other domain names of Ledger executives that he registered.

27.     In response, on September 16, 2013, Demola advised Mr. Gisolfi that he did not know where the Domain Names were and that he "would need to check with the guy who has them."  Demola also advised that he would call back Mr. Gisolfi in one week.

28.     On September 24, 2013, Mr. Gisolfi emailed Demola after he failed to contact him regarding the transfer of the Domain Names and demanded that he forward authorization codes to initiate transfers of the Domain Names.

29.     On October 3, 2013, Mr. Gisolfi again emailed Demola regarding his failure to transfer the authorization codes of the Domain Names and advised that Demola had until October 11, 2013 to forward the requested authorization codes.

30.     To date, Demola has not provided the authorization codes.

31.     Upon information and belief, Demola, or a person authorized by Demola, purchased the Domain Names "kevinwhitmer.com" and "richardvezza.com" from registrar GoDaddy.com.

32.     According to GoDaddy Whois records, the Domain Names were purchased on May 18, 2013 using the privacy protection services, Defendant "Domains By Proxy, LLC."

33.     Upon information and belief, Demola is the registrant and owner and controls the Domain Names richardvezza.com and kevinwhitmer.com.  These Domain Names are identical to the spelling of plaintiffs' legal names.

34.     Demola registered and used the Domain Names with the bad-faith intent to retaliate against the Ledger and plaintiffs for publishing Articles regarding Demola's unsavory business practices and with the intent to extort profit from said use.

35.     Plaintiffs have not authorized Demola to use or register the Domain Names bearing their names.

36.     Demola has not made any legitimate noncommercial or fair use of the Domain Names.

37.     Demola's conduct has caused plaintiffs to lose control over the reputation and good will associated with their personal names, for personal and business purposes, and they have suffered and continue to suffer damages.

## FIRST CLAIM FOR RELIEF

(Violation of Anticybersquatting Consumer Protection Act,
15 U.S.C. § 8131)

38.     Plaintiffs repeat and re-allege the preceding paragraphs of the Complaint as if set forth at length herein.

39.     The Domain Names "kevinwhitmer.com" and "richardvezza.com" consist of the names of living persons, specifically plaintiffs, and are used by plaintiffs as their personal names and as a source of their business identities.

40.     Demola registered the Domain Names without plaintiffs' consent, and did so with the specific intent to profit from such names by selling the Domain Names for financial gain to the plaintiffs and/or to the Ledger and to retaliate against the Ledger and plaintiffs for publishing articles regarding Demola's deceptive business practices.   He also offered to exchange or trade back the Domain Names if the Ledger promised to stop writing about him.

41.     Demola has used, and may continue to use, the Domain Names with the bad-faith intent to profit from said use.

42.     Demola's use of the Domain Names to direct users to pornographic websites is intended to influence and coerce plaintiff's decisions as executives of NMLC in the hope that plaintiffs will not in the future exercise their constitutionally protected freedoms of speech and the press and will stop investigating Demola's business activities.

43.     Upon information and belief, Demola's legal name is neither Richard Vezza nor Kevin Whitmer, nor are such names commonly used to identify Demola.

44.     Demola offered to sell the Domain Names to plaintiffs, the rightful owners of the names, for financial gain without having used, or having any intent to use the Domain Names in a bona fide offering of any goods or services.  He also offered to exchange or trade back the Domain Names if the Ledger promised to stop writing about him.

45.     Demola's conduct has caused substantial harm to plaintiffs' reputation and good will.

46.     As a result of Demola's conduct, plaintiffs have been substantially harmed.

## SECOND CLAIM FOR RELIEF

(Violation of Cyberpiracy Prevention Section of the Lanham Act,
15 U.S.C. § 1125)

47.    Plaintiffs repeat and re-allege the preceding paragraphs of the Complaint as if set forth at length herein.

48.    The names of Plaintiffs Richard Vezza and Kevin Whitmer are protected as trademarks under the Lanham Act because both plaintiffs are well-known in the New Jersey media community due to their prominent roles as Publisher and Editor, respectively, of the Ledger.

49.    Through the use of plaintiffs' well-known names in securing and using the Domain Names, Demola intended in bad faith to retaliate against the plaintiffs for publishing Articles about him.

50.    Demola has not used the Domain Names in connection with the bona fide offering of any goods or services, nor for any other good faith purpose.

51.    Demola has made no good faith use of the Domain Names, nor did he register the Domain Names in good faith.

52.    Upon information and belief, Demola has no trademark nor any other intellectual-property rights in the Domain Names.

53.    Demola's bad faith intent to profit, both financially and psychologically, from the use of plaintiffs' well-known names by offering to sell the Domain Names to plaintiffs and by linking them to pornographic websites in order

11

to influence Plaintiff's exercise of their first amendment rights and duties as executives of NMLC constitutes cyberpiracy under 15 U.S.C. § 1125(d).

54.    Demola's conduct has caused substantial harm to plaintiffs' reputation and good will.

55.    As a result of Demola's conduct, plaintiffs have been substantially harmed.

## THIRD CLAIM FOR RELIEF

(Right of Publicity – Appropriation of Plaintiffs' Names for
Commercial Purposes)

56.    Plaintiffs repeat and re-allege the preceding paragraphs of the Complaint as if set forth at length herein.

57.    Demola, knowingly and without plaintiffs' prior consent, invaded plaintiffs' right of privacy by appropriating plaintiffs' names by purchasing the Domain Names richardvezza.com and kevinwhitmer.com and attempting to sell them back to plaintiffs and/or the Ledger.

58.    Demola's appropriation of plaintiffs' names was unauthorized and without the prior consent of plaintiffs.

59.    The appropriation by Demola was for the purpose of extorting the plaintiffs for profit and to retaliate against the Ledger for publishing Articles regarding Demola's allegedly deceptive business practices.

60. Demola's actions, as described herein, were committed maliciously, intentionally, and with a willful and conscious disregard of plaintiffs' rights, making an award of punitive damages appropriate in order to punish and deter Demola from engaging in the conduct alleged herein.

61. Unless restrained by this Court, Demola will continue to infringe upon plaintiffs' right of privacy by continuing to use their names without prior consent and with the purpose to extort and/or harm plaintiffs' reputation and good will.

## FOURTH CLAIM FOR RELIEF

(Harassment and Coercion - N.J.S.A. 2C:33-4 and N.J.S.A. 2C:13-5(2)&(3))

62. Plaintiffs repeat and re-allege the preceding paragraphs of the Complaint as if set forth at length herein.

63. On or about September 10, 2013, Demola did knowingly, willfully, and with a purpose to harass plaintiffs, make and cause to be made communications, in offensively coarse language, and in other manners likely to cause annoyance and alarm, contrary to N.J.S.A. 2C:33-4, as described above in Paragraphs 15 through 24.

64. With respect to the harassing communications, Demola knowingly, intentionally and willfully harassed plaintiffs with a financial motive reflected by, among other things, his extortionate demands, in violation of N.J.S.A. 2C:13-5(2)&(3).

65.   As a direct and proximate result of this harassment, plaintiffs have been substantially harmed.

WHEREFORE, plaintiffs seek an Order for the following relief:

a)   That Domains By Proxy, LLC be ordered to disclose the name of the owner of the Domain Names richardvezza.com and kevinwhitmer.com;

b)   That Demola and all persons acting in concert with him be preliminarily and permanently enjoined from using the Domain Names richardvezza.com and kevinwhitmer.com;

c)   That Demola and/or Domains by Proxy, LLC be ordered to transfer the Domain Names to plaintiffs pursuant to 15 U.S.C. §8131;

d)   That plaintiffs receive and recover from Demola all damages sustained;

e)   That plaintiffs receive and recover from Demola statutory damages in the amount of $100,000 per domain name, which is the maximum allowed by 15 U.S.C. §1117 (d); this maximum amount is supported by Demola's extreme bad faith;

f)   That Demola be ordered to pay plaintiffs reasonable costs, expenses, and attorneys' fees incurred in prosecuting this action

pursuant to 15 U.S.C. §1116; 15 U.S.C. §1117(a); and 15 U.S.C. §8131;

g)   That plaintiffs be awarded pre and post judgment interest to the maximum extent allowed by law; and

h)   That plaintiffs be awarded such other and further relief to which they may be justly entitled.

## **JURY DEMAND**

Plaintiffs respectfully demand a trial by jury of all issues so triable.

Dated:  November 19, 2013          ROBINSON, WETTRE & MILLER LLC
                                    Attorneys for Plaintiffs


                                    By:_s/_____*Keith J. Miller*_
                                           Keith J. Miller

## **VERIFICATION**

STATE OF NEW JERSEY )
                           ) ss:
COUNTY OF ESSEX    )

        Kevin Whitmer, of full age, being duly sworn according to law, upon his oath deposes and says:

1.    I am the Editor of *The Star-Ledger*. I am authorized to verify the attached Complaint.

2.    I have read the Complaint attached to this Verification. The statements made in the Complaint are true and correct, based upon knowledge of the Newark Morning Ledger Company as represented by its corporate records, my personal knowledge, and the personal knowledge of the employees and attorneys of the Company, except as to any allegations stated to be alleged on information and belief, and as to those, I believe them to be true.

                                    Kevin Whitmer

Sworn to and subscribed to
Before me this 18TH day of
NOVEMBER, 2013.

AMY SMALL
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 4/12/2016

16

## **VERIFICATION**

STATE OF NEW JERSEY )
                     ) ss:
COUNTY OF ESSEX      )

        Richard Vezza, of full age, being duly sworn according to law, upon his oath deposes and says:

1.    I am the Publisher of *The Star-Ledger*. I am authorized to verify the attached Complaint.

2.    I have read the Complaint attached to this Verification. The statements made in the Complaint are true and correct, based upon knowledge of the Newark Morning Ledger Company as represented by its corporate records, my personal knowledge, and the personal knowledge of the employees and attorneys of the Company, except as to any allegations stated to be alleged on information and belief, and as to those, I believe them to be true.

                                   Richard Vezza

Sworn to and subscribed to
Before me this 14 day of
November, 2013.

AMY SMALL
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 4/12/2015

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, nor of any pending arbitration or administrative proceeding.

ROBINSON, WETTRE & MILLER LLC
Attorneys for Plaintiffs


By: s/        *Keith J. Miller*
Keith J. Miller

Dated:  November 19, 2013

18