NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD VEZZA and KEVIN WHITMER,** | Civ. No. 2:13-CV-06983 (WJM) |
| **Plaintiffs,** | |
| v. | **OPINION AND ORDER** |
| **ALFRED DEMOLA,** | |
| **Defendant.** | |

**THIS MATTER** comes before this Court on the unopposed motion of Richard Vezza and Kevin Whitmer ("Plaintiffs") to enforce a settlement agreement entered into with Alfred Demola ("Defendant"). In November 2013, Plaintiffs – who are newspapers executives of the Newark Morning Ledger Co. – filed an action against Defendant seeking, *inter alia*, a Permanent Injunction against Defendant for violations of the Cybersquatting Consumer Protection Act, 15 U.S.C. § 8131, and the Cyberpiracy Prevention Section of the Lanham Act. In their Complaint, Plaintiffs allege that Defendant registered their online domain names in a manner that redirected those names to pornographic websites. Plaintiffs allege that Defendant took this action in retaliation against Plaintiffs for publishing negative articles regarding Defendant's business practices.

On May 16, 2014, the parties entered into, and this Court so ordered, a Permanent Injunction By Consent ("the Permanent Injunction"). The matter was closed on that same

day.  Under the Permanent Injunction, Plaintiffs agreed to settle their lawsuit.  In return, Defendant agreed to transfer the domain names to Plaintiffs within 10 days and refrain from registering the domain names of Plaintiffs or their business associates in the future.  The Permanent Injunction also stipulated that the Parties would enter into a Confidential Settlement Agreement ("the Settlement Agreement"), which it appears the parties had already entered into in February 2014.

On August 20, 2014, Plaintiffs moved for this Court to enforce the Settlement Agreement.  According to Plaintiffs, the Settlement Agreement provided that Defendant would pay Plaintiffs $10,000 within 45 days of executing the Settlement Agreement.  Plaintiffs allege that Defendant has violated the Settlement Agreement by paying Plaintiffs only $5,000.  Plaintiffs request that this Court enter judgment against Defendant for $5,000 plus fees, costs, and interest.

After conducting an *in camera* review of the Settlement Agreement, the Court concludes that Defendant has violated the terms of the Agreement.  The Settlement Agreement unequivocally provides that Defendant is required to pay Plaintiffs $10,000 within 45 business days of executing the agreement.  The record shows that Defendant has paid Plaintiffs only $5,000, despite receiving numerous deadline extensions from Plaintiffs' counsel.  The 45-day period having long expired, the Court agrees that Defendant has violated the Settlement Agreement and will grant Plaintiffs' motion to enforce the Agreement's terms.

For the foregoing reasons and for good cause shown;

**IT IS** on this 26th day of September 2014, hereby,

**ORDERED** that Plaintiffs' Motion to Enforce Settlement Agreement and Enter Judgment is **GRANTED**; and it is hereby

**ORDERED** that judgment be entered against Defendant Alfred Demola in the amount of $5,000 plus attorney's fees, costs, and interest on that amount at the applicable statutory pre-judgment rate accruing from the date of the execution of the Settlement Agreement; and it is hereby

**ORDERED** that Plaintiffs' counsel shall submit an Affidavit of Attorney's Fees within 30 days of entry of this Order.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**